UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RUBY EWING,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, RUBY EWING, by and through her undersigned attorneys and hereby sues Defendants, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), and alleges:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff, RUBY EWING, is a resident and citizen of the State of Florida.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of

Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## **GENERAL ALLEGATIONS**

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Carnival Conquest*.

11. At all material times, including the injury date of May 8, 2024, Plaintiff was a fare paying passenger aboard the *Carnival Conquest* (herein the "subject vessel") and in that capacity was lawfully present aboard the vessel.

12. On May 8, 2024, Plaintiff was on the Lido Deck located on Deck Nine (9) adjacent to the Blue Iguana Bar and the ice cream machines (herein the "subject area").

13. Suddenly and without warning, Plaintiff slipped and fell on a foreign transitory substance as she was walking across the Lido deck's surface. Plaintiff felt immediate pain in her right knee, right shoulder, lower back. As a result of this slip and fall, Plaintiff suffered serious injuries.

14. After the subject incident, Plaintiff noticed a foreign transitory substance, upon information and belief, believed to be water. Prior to the incident, the dangerous conditions was not apparent to Plaintiff.

15. Defendant is on notice of numerous prior substantially similar incidents involving passengers suffering slip and falls on stairs including, but not limited to:

    a. *Jeanette Struzinski v. Carnival Corporation*, Case No.: 23-cv-21818 (slip and fall on April 9, 2023, on the Lido deck of the *Carnival Horizon* after slipping on water).

    b. *Vicki Kroll v. Carnival Corporation*, Case No.: 19-cv-23017 (slip and fall on March 30, 2019, on the Lido deck of the *Carnival Vista* after slipping on a wet and/or slippery surface).

    c. *Donovan Nembhard v. Carnival Corporation*, Case No.: 19-cv-22954 (slip and fall on March 5, 2019, on Deck 9 of the *Carnival Victory* after slipping on a wet and/or slippery surface).

    d. *Gary Tittle v. Carnival Corporation*, Case No.: 21-cv-23647 (slip and fall on August 25, 2021, on the Lido deck of the *Carnival Sunrise* after slipping on a transient liquid substance).

    e. *William Hornsberger v. Carnival Corporation*, Case No.: 22-cv-20204 (slip and fall on December 12, 2021, on the *Carnival Mardi Gras* after slipping on a wet and slippery deck surface contaminated with liquid).

    f. *John Starcevich v. Carnival Corporation*, Case No.: 23-cv-21313 (slip and fall on March 16, 2023, on the Lido deck of the *Carnival Pride* after slipping on clear liquid near the Blue Iguana Bar).

16. Actual notice exists where a defendant recognizes the need to take corrective action. See *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015). The maintenance and/or cleaning team is the type of corrective action evincing actual knowledge of danger posed by wet and/or slippery floor services.

17. Regardless of the maintenance and/or cleaning team, it has always been Carnival's policy that every crew member's job involves looking out for things that need to be addressed. See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216 (Deposition of Corporate Representative Monica Petisco, p. 86:6-19.) The immediate cause of an incident would be lack of supervision by crew assigned to the area. *Id.* at p. 105.

18. CARNIVAL failed to implement and/or operate its "Own the Spill" Training Programs. See *Duker v. Carnival Corporation*, Own the Spill Policy, Case No.: 21-cv-20084-KMM, Ecf. 112-11 (April 1, 2022). See also *Darby v. Carnival Corporation*, 19-cv-21219-FAM, Ecf. 80-7, (August 26, 2021).

19. CARNIVAL knows "that spills on the decks of Defendant's cruise ships are statistically the leading cause of guest accidents due to the high-traffic nature of the area, and explained that Defendant recognizes that cleaning and attending to spills are important to prevent slip and falls." See *Maxwell v. Carnival* Corporation, Order Denying Summary Judgement, Case No.: 2019-cv-23054, Ecf. 55 at pg. 2, (March 18, 2021).

## **COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 19 above as if alleged fully herein.

20. At all material times, including the injury date of May 8, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

21. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the subject area where Plaintiff fell, in a reasonably safe condition.

22. Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to maintain the subject area in a reasonably safe condition;

    b. Failure to perform maintenance in the subject area including the responsibility to inspect the subject area and walking surfaces for the dangerous condition including that it becomes unreasonably slippery, slick and/or hazardous when wet;

    c. Failure to timely correct those hazardous conditions when they were or should have been detected;

    d. Failure to adequately and regularly inspect the subject area to determine whether it was unreasonably dangerous including that it was left, or became, unreasonably slippery, slick and/or hazardous;

    e. Failure to maintain the walking surface of the subject area in a reasonably safe condition considering the anticipated use, which included regular use by passengers;

    f. Failure to adequately and regularly monitor the subject area to maintain it free of known, foreseeable dangerous conditions including foreign substances that made it unreasonably slippery, slick and/or hazardous;

    g. Failure to adequately and regularly monitor the subject area to test its coefficient of friction to determine if, over time the surface of the subject area had become unreasonably slippery, slick and/or hazardous, requiring resurfacing or other foreseeable corrective measures; and/or

    h. Failure to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, dried, and maintained free of dangerous conditions including that it was unreasonably slippery, slick and/or hazardous.

23. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject area as referenced above.

24. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip/trip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions on the Lido Deck area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

25. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the subject area where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the subject area in a reasonably safe condition by correcting its dangerous condition, by closing the subject area. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

26. At all material times the dangerous condition of the subject area referenced above was neither known, open, nor obvious to Plaintiff.

27. As a direct and proximate result of CARNIVAL's negligence, as described above, the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages as alleged.

28. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges all allegations pled in paragraphs 1 through 19 above as if alleged fully herein.

29. At all material times, including the injury date of May 8, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

30. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

31. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failing to adequately warn of fall risks created by the condition of the subject area and/or the Lido Deck walking surface, including wet, slippery surfaces, in order to ensure the safety of including the Plaintiff;

    b. Failure to warn the Plaintiff of the unreasonably dangerous condition of the subject area and/or Lido Deck walking surface;

    c. Failure to warn the Plaintiff that the subject area and/or Lido Deck walking surface becomes unreasonably slippery, slick and/or hazardous when wet;

    d. Failure to warn the Plaintiff that the subject area and/or Lido Deck walking surface becomes unreasonably slippery given the proximity to a pool and/or jacuzzi;

    e. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably dangerous surface of the subject area and/or Lido Deck walking surface, including but not limited to hazardous coefficient of friction in light of the condition of the area's surface; and/or

    f. Failure to warn passengers and the Plaintiff of other accidents previously occurring in same subject area.

32. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject area as referenced above.

33. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the Lido Deck and/or on the subject area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

34. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the gym area and/or subject area where Plaintiff fell, CARNIVAL failed, before the time of the Plaintiff's injury, to take reasonable measures to maintain the gym area and/or subject area in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

35. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

36. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

37. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out-of-pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are

permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT III – NEGLIGENCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 19 above as if alleged fully herein.

38. At all material times, including the injury date of May 8, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

39. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care.

40. Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

   a. Failure to provide a reasonably safe subject area and free of dangers including being unreasonably slippery, slick and/or hazardous.

41. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the Lido Deck walking surface and/or subject area as referenced above.

42. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip and fall instances on the same or similarly

configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

43. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the Lido Deck walking surface and/or subject area where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gym area and/or subject area in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

44. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

45. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

46. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT IV – NEGLIGENT TRAINING

Plaintiff re-alleges all allegations pled in paragraphs 1 through 19 above as if alleged fully herein.

47. At all material times, including the injury date of May 8, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

48. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care.

49. At all material times, CARNIVAL maintains a training program for wet decks including the subject area. CARNIVAL instructs and trains its crewmembers in accordance, among other implanted training programs for wet decks, with a 2 Minute Trainer known as "Own the Spill" (i.e. "Own the Spill Policy"). See *Maxwell v. Carnival* Corporation, Order Denying Summary Judgement, Case No.: 2019-cv-23054, Ecf. 55 at pg. 2.

50. Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

    a. Failure to implement and/or operate adequate crewmember training programs, as referenced herein, for the safety of passengers using the Lido Deck walking surface and/or subject area;

    b. Failure to adequately train crewmembers using its own training programs, as referenced herein, in the proper method of cleaning, monitoring, drying, and/or implementing warning signs to provide and maintain a safe Lido Deck walking surface and/or subject area;

    c. Failure to implement and/or operate adequate crewmember training programs, as referenced herein, to reduce the risk of the type of accident Plaintiff suffered from happening; and/or

    d. Failure to adhere to and utilize the "Own the Spill" Policy in the subject area;

51. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the Lido Deck walking surface and/or subject area as referenced above.

52. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

53. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the gym area and/or subject area where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gym area and/or subject area in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

54. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

55. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and sustained injuries and will continue in the future to sustain the damages alleged above.

56. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out-of-pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR ADVISORY JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable of right. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime

jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h). Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. See *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious... example of the remedies available to suitors."); see also *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on August 21, 2025 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

BY:   */s/ Glenn J. Holzberg*
      GLENN J. HOLZBERG
      Fla. Bar Number: 369551